UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LISA HERMAN and WALTER HERMAN,

    Plaintiffs,

v.

BRIDGEWATER PARK APARTMENTS and
CONCORD MANAGEMENT, LTD.,
Jointly and Severally,

    Defendants.
_____/

Case No. 15-cv-12203

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
MONA K. MAJZOUB

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR JOINDER OF ADDITIONAL DEFENDANTS [33]**

**I. INTRODUCTION**

Plaintiffs Lisa and Walter Herman (collectively "Plaintiffs") commenced this action on March 11, 2015 in the Oakland County Circuit Court. *See* Dkt. No. 1 (Complaint). Plaintiffs filed suit against Bridgewater Park Apartments of Clarkson LLC, Bridgewater Park Apartments and Concord Management, Ltd., and "John Does 1–5" (collectively "Defendants") claiming six Counts: (I) Negligent Maintenance and Repair; (II) Breach of Implied Warranty of Habitability; (III) Unjust Enrichment; (IV) Constructive Eviction; (V) Exemplary Damages; and (VI) Breach of Contract. *Id.* On June 17, 2015, the matter was removed to Federal

Court. *See* Dkt. No. 1. On July 14, 2015, the parties stipulated to the dismissal of Bridgewater Park Apartments of Clarkston LLC.

Before the Court is Plaintiffs' Motion for Joinder of Additional Defendants. *See* Dkt. No. 33. Plaintiffs seek to join Oakland Bridgewater Park Housing Associates Limited Partnership, Oakland Concord Park Housing Associates Limited Partnership, and CED Capital Holdings III, Ltd. (collectively "Proposed Defendants") as defendants. *Id.* The matter is fully briefed. After reviewing the briefing, the Court concludes that oral argument will not aid in the resolution of this matter. Accordingly, the Court will resolve the Motion on the briefs as submitted. *See* E.D. Mich. L.R. 7.1(f)(2). For the reasons discussed below, the Court will **GRANT** the Plaintiffs' Motion **IN PART**.

## II. FACTUAL BACKGROUND

Plaintiffs' claims arise out of a rental of an apartment unit located at 5832 Marsh Bank Lane, Apt. 102, in Clarkston, Michigan. Both Walter and Lisa Herman signed the lease agreement with Defendant Concord Management on October 29, 2012. *See* Dkt. No. 35 (Exhibit B, Lease Agreement). Following their move-in, several incidents occurred within the apartment. The following is an account of the facts as alleged in the Complaint.

On or about December 14, 2012, the bedroom hall closet shelf collapsed inside Plaintiffs' apartment. Plaintiffs notified Defendants' office manager, who in turn sent maintenance workers to make repairs.

On January 3, 2013, Plaintiffs discovered a leak in their sink. Maintenance workers were sent, and the seal to the sink was replaced. While there, the maintenance workers noticed that the area underneath the sink was soaking wet. The maintenance workers attempted to dry the area with towels provided by Plaintiffs.

On February 1, 2013, Plaintiffs' children began complaining about a greenish, furry substance on their shoes, clothes, and bags inside the apartment. Soon after, the family broke out in rashes and had difficulty breathing. In mid-February, the Plaintiffs informed the office manager about the green, brownish colors appearing on their clothes, shoes and other personal property. The office manager stated that she would schedule a maintenance inspection of Plaintiffs' apartment. The maintenance workers never came to inspect the unit.

On March 4, 2013, Plaintiffs' refrigerator began leaking on the interior, causing everything inside to become wet. Plaintiffs notified the Defendants, who in turn immediately sent maintenance to fix the refrigerator.

On April 13, 2013, Plaintiffs sent maintenance requests, to presumably the office manager, to address heating problems within the apartment. Maintenance arrived and subsequently repaired the furnace.

In May of 2013, Plaintiffs observed that the window screens to the bedroom windows were missing, the dishwasher was not secure in its place, and that the closet doors in two of the three bedrooms were off the hinges. Maintenance workers repaired the screens and dishwasher. However, no repairs were made to the closet doors, and the dishwasher continued to malfunction.

On or about August 19, 2013, the shelves in one of the bedrooms completely fell to the floor. Plaintiffs asked that the shelves be repaired. At this time, the Plaintiffs also reminded the office manager that there were still green spots on the walls. The same day, maintenance arrived to fix the shelves and closet door. Maintenance also cleaned the greenish area on the master bedroom walls, and applied a fresh coat of paint.

The next day, Plaintiffs discovered an infestation of ants along the baseboards of the master bedroom. The maintenance manager sprayed the apartment with bug repellant. He also informed Plaintiffs that there was mold in the apartment and instructed Plaintiffs to keep running the A/C in order to keep the humidity down and prevent mold buildup.

Plaintiffs made several more requests to have the apartment cleaned and for repairs to be made, to no avail. Plaintiffs then asked to be immediately relocated. By the end of 2013, Plaintiffs decided to vacate.

Plaintiffs filed the present action against Defendants and several "John Does." Plaintiffs assert that they have discovered that the Proposed Defendants were the true owners of the apartment building at the time they signed their lease until their eventual departure. Thus, Plaintiffs wish to hold them as jointly and severally liable.

### III. LEGAL STANDARD

The Plaintiffs have moved to join Oakland Bridgewater Park Housing Associates Limited Partnership, Oakland Concord Park Housing Associates Limited Partnership, and CED Capital Holdings III, Ltd., under Federal Rule of Civil Procedure 19(a)(1)(A) and Rule 20(a)(2). Dkt. No. 33 at 3 (Pg. ID No. 514). However, these rules are the "tool[s] of the defendant, as the plaintiff has the power to choose which parties [he] wishes to sue and generally has ample freedom to amend [his] complaint to add a party." *Bullwinkel v. U.S. Dept. of Energy*, No. 11-01082-JDB-EGB, 2012 WL 3526829 at *1 (W.D. Tenn. 2012) (quoting *Glancy v. Taubman Ctrs., Inc.*, 373 F.3d 656, 664 (6th Cir. 2004)). "Thus, the Court will analyze the motion as one to add a party by amending the complaint." *Id.*

Amendments of a plaintiff's complaint are governed by Rule 15 of the Federal Rules of Civil Procedure. "The court should freely give leave" to amend the complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). "A motion to amend a complaint should be denied if the amendment would be futile, that is, if it would not survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Hanner v. City of Dearborn Heights*, 450 F. App'x 440, 448 (6th Cir. 2011).

Federal Rule of Civil Procedure 12(b)(6) allows the court to make an assessment as to whether the plaintiff has stated a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Even though the complaint need not contain "detailed" factual allegations, its "factual allegations must be enough 'to raise a right to relief above the speculative level' on the assumption that all of the allegations in the complaint are true." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atlantic*, 550 U.S. at 555).

The court must construe the complaint in favor of the plaintiff, accept the allegations of the complaint as true, and determine whether the plaintiff's factual allegations present plausible claims. To survive a Rule 12(b)(6) motion to dismiss, a plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. (citations and quotations omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Id*. at 678. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Id*. The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id*. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'— 'that the pleader is entitled to relief.' " *Id*. at 679.

## IV. DISCUSSION

Plaintiffs argue that Proposed Defendants are actually at fault because they owned the apartment complex at issue. Defendants argue that the assertion of ownership "without a showing of possession or control, is an insufficient basis upon which to impose liability for the defective condition of the premises." Dkt.

No. 35 at 9 (Pg. ID No. 600) (quoting *Merritt v. Nickelson*, 407 Mich. 544, 549 (1980)). Defendants further argue that the negligence claims are barred by the statute of limitations, and that Plaintiffs' breach of implied warranty of habitability, breach of contract, and unjust enrichment claims as to Proposed Defendants should be dismissed.

### A. Basis for Finding Premises Liability

To recover under a claim of premises liability, "the plaintiff must show that the defendant was in possession and control over the premises." *Hogan v. Northwest Airlines, Inc.*, No. 11-CV-14888, 2013 WL 607852, at *3 (E.D. Mich. 2013).

Defendants point to the fact that "Plaintiffs have presented no evidence that the proposed defendants had possession and control over the premises or had anything more than mere ownership in the land during the relevant time period." Dkt. No. 35 at 10 (Pg. ID No. 601). However, the Plaintiffs are not required to provide such evidence. The analysis is limited to the four corners of the Complaint. *Twombly*, 550 U.S. at 555.

In the Complaint, Plaintiffs allege that Proposed Defendants owned and controlled the premises at the time of the alleged injury. Complaint at 3–6, ¶¶ 3, 6, 18, 19, 23, 27, 31–33; *see* Dkt. No. 33 at 3–4 (Pg. ID No. 514–15) ("each held ownership interest, management, and staffing control for the subject apartment

complex."). It would be unreasonable to interpret the Complaint to allege that the Proposed Defendants somehow owned, managed and staffed the apartment complex without being in possession. Therefore, Plaintiffs have alleged facts that, when taken as true, are sufficient to impose liability.

### B. Statute of Limitations

Defendants next argue that the proposed amendment is futile "because Plaintiffs' negligence claims are barred by the three-year Statute of Limitations." Dkt. No. 35 at 10 (Pg. ID No. 601).

In order for an amendment substituting or adding a new party to relate back to the original filing of the complaint, (1) the claim against the new party must have arisen out of the same transaction or occurrence; (2) the party must have had adequate notice within the time provided by law for actions to commence; and (3) the party to be added must be chargeable with knowledge that, but for a mistake as to the identity of the proper party, the action would have been brought against it. *Ringrose v. Engelberg Huller Co., Inc.*, 692 F.2d 403, 410 (6th Cir. 1982). However, while Rule 15(c) "would allow the correction of misnomers, it will not allow the addition or substitution of new parties after the expiration of the statute of limitations." *Id.* (citing *Forest v. Parmalee*, 60 Mich. App. 401, 231 N.W.2d 378, 383 (1975)). In cases where new parties are being added or substituted, the "amendment . . . creates a new cause of action and there is no relation back to the

original filing for purposes of limitations." *In re Kent Holland Die Casting & Plating, Inc.*, 928 F.2d 1448, 1449 (6th Cir. 1991).

Here, Plaintiffs are not correcting a misnomer, but instead are substituting John Doe Defendants. Dkt. No. 33 at 2 (Pg. ID No. 513). Substituting a named defendant for a "John Doe" is considered a change in parties. *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996). Therefore, the amendment will not relate back to the Complaint. Thus, the question becomes whether or not the amendment was filed before the expiration of the limitations period.

The Statute of Limitations begins to run "at the time the claim accrues." MICH. COMP. LAWS § 600.5827. "The claim accrues at the time . . . the wrong upon which the claim is based was done regardless of the time when damage results." *Id.* The term "wrong" in § 600.5827, "refers to the date on which the plaintiff was harmed by the defendant's negligent act, not the date on which the defendant acted negligently." *Trentadue v. Buckler Lawn Sprinkler*, 479 Mich. 378, 388 (2007). The period of limitations for the negligence claim is three years. MICH. COMP. LAWS § 5805(10).

Defendants argue that the claim should have accrued on January 3, 2013, the first date that the Plaintiffs noticed a leak in their sink. Dkt. No. 35 at 11 (Pg. ID No. 602). This argument is misguided. Plaintiffs' claim would not have accrued the first day they noticed the leak. As stated above, under *Trentadue*, the clock begins

to run from the date of harm. Plaintiffs are not bringing a claim for the damages suffered from a wet floor. Plaintiffs have filed a claim for having to live in what allegedly became a petri-dish. Therefore, the relevant harm is not what initially resulted from the defective sink—presumably wet socks—but instead what manifested after an alleged negligent repair of the sink. *See Colaianni v. Stuart Frankel Development Corp., Inc.*, No. 282587OAKL, 2009 WL 1717388 at *3 (Mich. Ct. App. June 18, 2009) (affirming, in a mold case, that the statute of limitations begins to run when Plaintiff first becomes sick).

The Complaint states that the repairs took place "shortly after" January 3, 2013. Complaint at 4, ¶ 7. On or about February 1, 2013, Plaintiffs' children began asking about a greenish, furry substance on their shoes, clothes, and bags inside the apartment. Around the same time, Plaintiffs' family began to observe breakouts and rashes on their bodies. This appears to be the earliest sign that damage had been inflicted on Plaintiffs' person and property. Therefore, the statute of limitations began running on February 1, 2013, and it was set to expire on February 1, 2016. The current motion was filed on January 13, 2016. Accordingly, the limitations period had not expired at the time of the motion.

### C. Implied Warranty of Habitability

Plaintiffs' claim for breach of implied warranty of habitability is brought under MICH. COMP. LAWS § 554.139. A breach of the duty to maintain the premises

-11-

under § 554.139 would be "construed as a breach of the terms of the lease between the parties and any remedy under the statute would consist exclusively of a contract remedy." *Allison v. AEW Capital Management, L.L.P.*, 481 Mich. 419, 425–26 (2008). "The covenants created by the statute establish duties of a lessor or licensor of residential property to the lessee or licensee of the residential property, most typically of a landlord to a tenant." *Mullen v. Zerfas*, 480 Mich. 989, 990 (2007). "By the terms of the statute, the duties exist between the contracting parties." *Id.*

Defendants argue that Plaintiffs' claim should fail because Proposed Defendants were not parties to the lease agreement. Dkt. No. 35 at 12 (Pg. ID No. 603). Defendants have provided evidence that none of Proposed Defendants were privy to the lease agreement. Dkt. No. 35 (Exhibit B). The evidence has not been disputed by the Plaintiff. Accordingly, because the plaintiffs do not have a "reasonably founded hope" of succeeding on this claim, this claim is futile as to proposed defendants. *Twombly*, 550 U.S. at 555.

## D. Unjust Enrichment

In order to sustain a claim of unjust enrichment, the plaintiff must establish (1) the receipt of a benefit by the defendant from the plaintiff, and (2) an inequity resulting to the plaintiff because of the retention of the benefit by the defendant. *Belle Isle Grill Corp. v. City of Detroit*, 256 Mich. App. 463, 478 (2003). "If this is

established, the law will imply a contract in order to prevent unjust enrichment." *Id*. "However, a contract will be implied only if there is no express contract covering the same subject matter." *Id.* Accordingly, a plaintiff may not file a claim for unjust enrichment over benefits expressly covered by the contract. *Id.* at 479 ("Because the lease expressly contemplated and covered capital improvements in lieu of rent, plaintiff cannot recover the costs of improvement by implied contract and, therefore, the trial court properly granted summary disposition of this claim as a matter of law.").

Here, Plaintiffs' unjust enrichment claim is to recover rent money paid to Defendants. However, terms regarding rent money were expressed in the lease agreement itself. Dkt. No. 35 (Exhibit B, ¶ 3). Therefore, the explicit terms of the lease prevent a claim of unjust enrichment from being recognized. Accordingly, this claim is futile as to proposed defendants.

**E. Breach of Contract**

Plaintiffs allege in the complaint that the Defendants have "breached their contractual duties by failing to adequately repair the property, rendering it uninhabitable." Complaint at 16, ¶ 128.

"A party asserting a breach of contract must establish by a preponderance of the evidence that (1) there was a contract (2) which the other party breached (3) thereby resulting in damages to the party." *Miller-Davis Co. v. Ahrens Const.,*

*Inc.*, 495 Mich. 161, 178 (2014). It is well settled law that one must be a party to a contract in order to be held liable for its breach. *Coletta v. Citizens First Mortgage, L.L.C.*, No. 313353, 2014 WL 2971717, at *2 (Mich. Ct. App. July 1, 2014) ("It goes without saying that a contract cannot bind a nonparty.").

As stated above, proposed defendants are not parties to the lease agreement, and therefore are not bound by its terms. Thus, this claim against proposed defendants is futile.

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Plaintiffs leave to Amend the Complaint **IN PART**, and **DISMISSES** Counts II, III and VI as to Proposed Defendants as futile.

IT IS SO ORDERED.

Dated: March 3, 2016  /s/Gershwin A Drain
Detroit, MI  HON. GERSHWIN A. DRAIN
United States District Court Judge